UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY S. FRUCIANO,<br><br>   Plaintiff,<br><br>v.<br><br>TOM LUE, M.D., et al.,<br><br>   Defendants. | Case No.18-cv-04452-JSC<br><br>**ORDER TO SHOW CAUSE RE: PLAINTIFF'S CLAIM AGAINST DR. KARPMAN AND UROLOGICAL SURGEONS OF NORTHERN CALIFORNIA** |

  Plaintiff Anthony Fruciano representing himself alleges discrimination under the Unruh Act and 42 U.S.C. § 1983 in connection with medical treatment he sought from three separate health care providers in 2016. Although Plaintiff filed this action in the Alameda County Superior Court, the University of California Regents, who were previously named as a defendant and employed Dr. Lue, another defendant in this action, removed the action to this court based on federal question jurisdiction. After several rounds of motion practice, only three defendants remain: Dr. Lue, Dr. Karpman, and Dr. Karpman's employer the Urological Surgeons of Northern California. Plaintiff pleads a Section 1983 claim against Dr. Lue and an Unruh Act claim against Dr. Karpman and the Urological Surgeons of Northern California. Because the Court has concerns regarding its subject matter jurisdiction over the state law claim against Dr. Karpman and the Urological Surgeons of Northern California, the parties are ORDERED TO SHOW CAUSE as to why the claim against Dr. Karpman and the Urological Surgeons of Northern California should not be remanded to state court.

When a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, while the Court has original action over Plaintiff's Section 1983 claim against Dr. Lue, the Court only has jurisdiction over the state law claim against Dr. Karpman and the Urological Surgeons of Northern California if it has supplemental jurisdiction. *See* 28 U.S.C. § 1367. Section 1367(a) states in relevant part that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Thus, Plaintiff's claim against Dr. Karpman and the Urological Surgeons of Northern California must arise from the same "case or controversy" as his claim against Dr. Lue; that is, "the state and federal claims [must] 'derive from a common nucleus of operative fact.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). Given that Plaintiff's claims against Dr. Lue and Dr. Karpman arise from completely separate medical encounters, which occurred in May and July 2016, respectively, they do not appear to arise from the same common nucleus of operative fact. There is in no evidentiary overlap between the claims, they are not temporally related, and the two physicians work for different medical practices.

Accordingly, the parties are Ordered to Show Cause as to why the state law claim against Dr. Karpman and the Urological Surgeons of Northern California should not be remanded back to the Alameda County Superior Court. Any party who wishes to show cause shall filed a written response to this Order by July 12, 2019. If neither party responds to this Order, the Court will remand the claim against Dr. Karpman and the Urological Surgeons of Northern California to the Alameda County Superior Court.

The July 11, 2019 hearing on Dr. Karpman and the Urological Surgeons of Northern

California's motion to dismiss Plaintiff's Third Amended Complaint is VACATED.

**IT IS SO ORDERED.**

Dated: June 28, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge